UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EZRA LAMOND STOKES                                                                                PLAINTIFF

VERSUS                                                              CIVIL ACTION NO. 3:18CV847-TSL-RPM

WARDEN ARCHY B.
LONGLEY et al                                                                                    DEFENDANTS

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

On December 7, 2018, Plaintiff Ezra Lamond Stokes, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 civil rights complaint alleging denial of medical care and food during his confinement at the Federal Correctional Institution in Yazoo City. He filed the lawsuit after being released from custody. Plaintiff alleges that on May 24-25, 2013, he was denied pain medication and food while confined in the Special Housing Unit at Yazoo City.

The Court originally set the matter for a screening hearing to be conducted on March 10, 2020 at 1:30 PM in Jackson, Mississippi. Doc. [4]. On January 8, 2020, the order setting the matter for hearing and a notice of the hearing were mailed to Plaintiff at his address of record: 1715 Jasmine Cr., Apt. 18101 NW, Atlanta, GA 30318. On the day of the hearing, Plaintiff called the Court and stated he was unable to attend because he missed the bus to Jackson from Atlanta; and he had to keep his son because schools were closed due to covid-19 concerns. *See* Minute Entry (3/10/2020). The Court immediately reset the hearing for April 14, 2020 at 1:00 PM and sent a copy of the notice of resetting to Plaintiff's address of record. On March 24, 2020, the hearing was reset again, pursuant to U.S. District Judge Daniel P. Jordan, III's Special Order relating to covid-19, with the hearing scheduled to occur on August 11, 2020. The Court sent a copy of this notice to Plaintiff's address of record.

The docket reflects that several subsequent items mailed by the Court to Plaintiff have been returned as "undeliverable"; however, the March 24, 2020 notice resetting the hearing for August 11, 2020 has not been returned as undeliverable. *See* Doc. [6] [7] [8]. Presumably, Plaintiff received notice of the August 11th hearing. The later notices that were returned "undeliverable" did not change the time, date or location (Jackson) of the hearing. Based on the returned mail, Plaintiff has not submitted a change of address with the Court; therefore, he has failed to advise of his current address as directed by the Court. *See* Doc. [4]. Nor has he communicated with the Court in any manner since his phone call of April 10, 2020, on the eve of the first screening hearing.

On August 11, 2020, the Court came to order at the appointed time and announced Plaintiff's case. Plaintiff's name was called in the courtroom three times without response. The Courtroom Deputy then went into the hallway to call Plaintiff's name three times as well but received no response. The Courtroom Deputy also contacted court security personnel to ask whether Plaintiff had passed through the security checkpoint at the Courthouse. According to Court security, he had not entered the building. Based on Plaintiff's failure to maintain a current address and failure to appear at the hearing for which he received notice, the Court finds Plaintiff no longer demonstrates interest in prosecuting his claims.

### RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff Ezra Lamond Stokes' 42 U.S.C. § 1983 civil rights complaint be dismissed without prejudice for failure to prosecute.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless

the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED AND ADJUDGED, this the 20th day of August 2020.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE